Pro Se 7 2023

```
                                        ___ FILED      ___ ENTERED
                                        ___ LODGED     ___ RECEIVED

                                              MAY 13 2025    MH
                                                    AT SEATTLE
                                              CLERK U.S. DISTRICT COURT
                                        BY   WESTERN DISTRICT OF WASHINGTON
                                                                   DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Valeriya Bitunova

_____

_____,

                 Plaintiff(s),

v.

Delta Air Lines

_____,

                 Defendant(s).

CASE NO. 2:25-cv-00893-RSL
[to be filled in by Clerk's Office]

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Jury Trial: ☐ Yes  ☐ No

## I.  THE PARTIES TO THIS COMPLAINT

A.   Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | |
|---|---|
| Name | Valeriya Bitunova |
| Street Address | 12438 2nd PL SW |
| City and County | Seattle, King County |
| State and Zip Code | 98146 |
| Telephone Number | (267) 240-4688 |

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 1

Pro Se 7 2023

B.  Defendant(s)

   *Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

   Defendant No. 1
   
   | | |
   |---|---|
   | Name | Delta Air Lines |
   | Job or Title *(if known)* | Employer |
   | Street Address | 1030 Delta Blvd |
   | City and County | Atlanta, Fulton County |
   | State and Zip Code | GA, 30354 |
   | Telephone Number | (800) 221-1212 |

   Defendant No. 2

   | | |
   |---|---|
   | Name | |
   | Job or Title *(if known)* | |
   | Street Address | |
   | City and County | |
   | State and Zip Code | |
   | Telephone Number | |

   Defendant No. 3

   | | |
   |---|---|
   | Name | |
   | Job or Title *(if known)* | |
   | Street Address | |
   | City and County | |
   | State and Zip Code | |
   | Telephone Number | |

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 2

Pro Se 7 2023

Defendant No. 4

    Name _____

    Job or Title *(if known)* _____

    Street Address _____

    City and County _____

    State and Zip Code _____

    Telephone Number _____

C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

    Name — Seattle-Tacoma International Airport

    Street Address — 17801 International Blvd

    City and County — Seattle, King County

    State and Zip Code — WA 98158

    Telephone Number — 800-221-1212

## II. BASIS FOR JURISDICTION

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 3

Pro Se 7 2023

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.
*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

Fair Labor Standards Act – 29 U.S.C. § 207 (Break Time for Nursing Mothers)

☒ Relevant state law *(specify, if known)*:

Washington State Minimum Wage Act (RCW 49.46.130)
*Washington State Law Against Discrimination (WLAD), RCW 49.60.030 and RCW 49.60.180;*
*Washington Breastfeeding Rights — RCW 43.70.640: "Breastfeeding in public or at work."*

☐ Relevant city or county law *(specify, if known)*:

### III. STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

<u>Claim 1 – Failure to Provide Reasonable Accommodation (ADA, PWFA)</u>

<u>Plaintiff Valeriya Bitunova has been employed by Delta Air Lines, Inc. since June 15, 2015, as a Customer Service Agent at Seattle-Tacoma International Airport. After returning from maternity leave in April 24, 2023, Plaintiff requested a modified work schedule and breaks for lactation due to pregnancy-related complications and breastfeeding needs. Plaintiff informed management, including supervisors Toyin Carroll, Jordan Larson, and Sagar Rawat, and</u>

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 4

contacted Delta's Accommodation Department and Sedgwick. Despite these efforts and the submission of medical information, Delta did not addictively accommodate her requests between April and July 2023. Instead, she was assigned a full-time evening schedule that conflicted with her health condition and childcare responsibilities. Plaintiff was denied consistent time and space to pump breast milk, causing pain, humiliation, and health issues.

Claim 2 – Gender and Pregnancy Discrimination (Title VII)

While Plaintiff's request for a schedule modification and transitional accommodations was denied, a male coworker, Vijay Sharma, received accommodations in a similar situation without having to provide extensive documentation or endure delay. This inconsistent treatment, combined with Delta's disregard for Plaintiff's health and breastfeeding needs, constitutes discriminatory treatment based on gender and pregnancy. Plaintiff was repeatedly required to justify basic postpartum needs to male supervisors and was denied privacy and support, resulting in public embarrassment and emotional distress.

Claim 3 – Retaliation and Failure to Engage in the Interactive Process

Despite repeated attempts to address these issues through Delta's Ethics & Compliance helpline, HR contacts, and direct supervisors, Plaintiff received no meaningful response or resolution. After filing a report with Delta's internal ethics line on August 27, 2023, and later with the EEOC on November 8, 2023, some temporary accommodations were briefly provided, then withdrawn. Delta failed to properly inform Plaintiff of the process to request

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 5

1  accommodation and, at times, misdirected her to invalid contact points, delaying or obstructing

2  the process.

3

4

5       Claim 4 – Violation of Federal and Washington State Breastfeeding Laws (FLSA 29

6  U.S.C. § 207(r); RCW 43.70.640)

7

8

9       From April to July 2023, Delta Air Lines failed to consistently provide Plaintiff with the

10 break time and private location required for expressing breast milk under both federal and

11 Washington state law. Under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 207(r) and RCW

12 43.70.640, employers are required to provide reasonable break time and a private space (not a

13 bathroom) for employees to express milk. Delta's failure to accommodate these legal

14 requirements resulted in Plaintiff having to combine lunch breaks with pumping, experiencing

15 lack of privacy, and suffering from physical pain and humiliation. These ongoing denials, even

16 after Plaintiff submitted medical documentation and contacted relevant departments, constitute

17 violations of both federal and state law protecting lactating workers.

18  _____

19  _____

20
    A.   The discriminatory conduct of which I complain in this action includes *(check all that*
21       *apply)*:
              ☐   Failure to hire me.
22            ☐   Termination of my employment.
              ☐   Failure to promote me.
23            ☒   Failure to accommodate my disability.
24            ☒   Unequal terms and conditions of my employment.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 6

☒ Retaliation.

☒ Other acts *(specify)*: Failure to provide lactation breaks as required under federal law

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

April 2023 – Present

C. I believe that defendant(s) *(check one)*:

☒ is/are still committing these acts against me.
☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐ race
☐ color
☒ gender/sex
☐ religion
☐ national origin
☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
☒ disability or perceived disability *(specify disability)*

Lactation-related condition due to breastfeeding, including the need for reasonable accommodations for expressing milk.

E. The facts of my case are as follows. Attach additional pages if needed.

_____
_____
_____

(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 7

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

<u>I filed a charge with the Equal Employment Opportunity Commission on: August 8, 2023</u>

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*
<u>March 15, 2024</u>

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.*

<u>I respectfully request that the Court grant all appropriate relief under the law, including but not limited to compensatory and punitive damages, injunctive relief to prevent future</u>

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 8

violations, and reimbursement for legal and filing fees, as well as any other costs reasonably incurred in bringing this action.

I ask that the Court determine the appropriate amount of monetary damages based on the full scope of harm I have endured — including emotional distress, loss of income, physical pain, public humiliation, and the denial of federally protected accommodations. These violations have caused significant and lasting impacts on both my professional career and personal well-being.

While I trust the Court's judgment in determining what is fair and just, I respectfully request up to $2,000,000 in total damages, or such amount as the Court or jury finds appropriate to fully remedy the wrongs committed and to ensure that no employee is subjected to similar treatment in the future.

_____

_____

_____

## VI.   CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 05/13/2025

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: VALERIYA BITUNOVA

Date of signing:

Signature of Plaintiff:

Printed Name of Plaintiff:

Date of signing:

Signature of Plaintiff:

Printed Name of Plaintiff:

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 10

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 576-3000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/18/2025

**To:** Valeriya Bitunova
12438 2nd pl SW
SEATTLE, WA 98146
Charge No: 551-2023-04288

EEOC Representative and email:   MICHAEL YOLLECK
Investigator
michael.yolleck@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 551-2023-04288.

On behalf of the Commission,

February 18, 2025                                     _____  for
Date                                                  Elizabeth M. Cannon, Director
                                                      Seattle Field Office

**Cc:**
Delta Airlines
Kmones@moneslaw.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 551-2023-04288 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Nancy A. Sienko, 450 Golden Gate Avenue 5 West PO Box 36025, San Francisco, CA 94102.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 551-2023-04288 to the District Director at Nancy A. Sienko, 450 Golden Gate Avenue 5 West PO Box 36025, San Francisco, CA 94102.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at:
http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (01/22)

- **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note:* *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.